ILLINOIS CENTRAL RAILROAD COMPANY *v.* BRYANT &·
SHACKELFORD.

1. GARNISHMENT. *Assignment of debt. Notice. Former recovery.*

   Where a railroad company, after receiving notice that an employe in this
   state has assigned his wages, is summoned as garnishee in a suit against
   such laborer in another state, and, through neglect of the notice, answers
   admitting the indebtedness, and judgment is rendered against it, the same
   will be no defense to an action subsequently brought by the assignee of
   the debt.

2. SAME. *Assignment. Notice to agent. Scope of agency.*

   A railroad company will be bound by a notice of the assignment of wages
   by an employe served upon a depot-agent where the latter has been ac-
   customed for many years to receive such notices for the company, and,
   under orders from his superiors, communicate them to the superintendent.

FROM the circuit court of the second district of Yalobusha
county.

HON. EUGENE JOHNSON, Judge.

One Cross, to whom the Illinois Central Railroad Com-
pany owed $61 as wages, assigned his account therefor to the
appellees, Bryant & Shackelford, and the latter gave notice
of the assignment to the depot-agent of the company at
Water Valley. Two days afterwards Cross was attached in
the State of Tennessee by sundry creditors, and writs of
garnishment were served on the Illinois Central Railroad
Company in that state, and it answered, admitting the in-
debtedness. Judgments were rendered against it for the
amount admitted to be due, and these judgments were paid.

Subsequently, Bryant & Shackelford brought this action
before a justice of the peace against the said railroad com-
pany to recover the amount of the assigned account, and the
company relies for its defense upon the judgments rendered
against it as garnishee in the attachment suits in Tennessee.

No question was raised on the trial as to the validity of the assignment to plaintiffs, but it was contended that the depot-agent was not authorized to receive for the company notice of the assignment, and, therefore, that the defendant rightfully admitted, as garnishee, an indebtedness to Cross, and should be protected in its payment of the Tennessee judgments.

The depot-agent was examined as a witness for the defendant, and testified that it had been his custom for ten years to receive notices of the assignment, by employes, of their wages, and to communicate such notices to the division superintendent, and the latter would notify the paymaster, who made monthly trips for the purpose of paying the wages of employes. He further testified that it was his duty, under orders received from the company, to forward to the superintendent all such notices served upon him. He further stated that all papers and notices intended to be served on the railroad company at Water Valley were served on him, and that the company had always recognized and acted upon such notices. The paymaster was likewise examined as a witness, and his testimony corroborated that of the depot-agent, but he testified that in this particular instance the notice was not communicated by the superintendent to him until after the company had been garnished in Tennessee, and the money paid into court. The court gave a peremptory instruction in favor of the plaintiffs. Judgment accordingly, and defendant appeals.

*R. H. Golladay*, for appellant.

1. Notice of assignment is not like service of process, and is not embraced in the statute authorizing service of process on an agent. Notice, to be binding, must be given to an agent acting within the scope of his agency, and the notice must be in reference to the very business. 14 Am. & Eng. R. R. Cas., 565; 1 Rorer on Railroads, 669; 1 Am. Rep., 164; 36 Am. Dec., 188; Angell & Ames on Corp., § 305; *Goodloe* v.

*Godley*, 13 Smed. & M., 233. The paymaster, not the depot-agent, was the proper person to receive the notice. Notice to a local agent in Mississippi was not notice to the principal, having agents doing its business in Tennessee. 1 Am. Rep., 164. The depot-agent and superintendent were but the instruments of the assignee to convey the notice to the paymaster.

2. The courts of Tennessee had jurisdiction, and its judgments cannot be impeached collaterally. 10 Wall., 317; 11 *Ib.*, 581; Drake on Attachment, §§ 88, 89; Freeman on Judgments, § 135; 138 U. S., 452. Jurisdiction being conceded, judgments of sister states must be respected. 17 Wall., 521; 116 U. S., 3. When the *res* is within a state, it is subject to disposition according to its laws. This is the case in foreign attachments. 129 U. S., 365; 93 U. S., 664; Freeman on Judgments, § 573. In Tennessee, the attaching creditor is preferred to the assignee, though the debtor was notified before answer by the garnishee. 1 Sneed, 330; 5 *Ib.*, 276; 6 Cold., 470. This is not the case in Mississippi, but the Tennessee courts had jurisdiction in this proceeding, and its judgments bind our tribunals.

*Mayes & Harris*, on the same side.

*R. F. Kimmons*, for appellees.

The railroad company was bound by the notice served on the depot-agent. It had always recognized and acted on such notices. Indeed, the depot-agent's own testimony shows that it was a part of his duty to receive and forward such notices. The company made no effort to protect itself when garnished in Tennessee, but answered and paid the money at its peril.

WOODS, J., delivered the opinion of the court.

The decisive question in the case is, was Mauldin, the agent of the appellant at Water Valley, authorized to receive the notice of the assignment of the claim sued on from Cross to

appellees? From Mauldin's own evidence it is clear that, under orders from his superiors, he had, for ten years prior to the assignment and notice to him in this case, uniformly received all notices of such assignments, and wired the fact to the railway superintendent for his information and action. This was his duty, under orders from his superiors, and this he performed in the present case. It was the province of the superintendent to notify the paymaster, but in the case at bar the paymaster was not notified for two days after the assignment, and after he had answered, for his company, as garnishee in the Tennessee suits, acknowledging present indebtedness to Cross, the assignor. But this answer of the paymaster in the Tennessee suits was made two days after the notice of the assignment had been given Mauldin, the agent at Water Valley.

This brief statement can surely leave no room for disputation as to Mauldin's authority to receive the notice of the assignment, or as to the liability of the company to Cross' assignees, the appellees in the case at bar.

This view disposes of the whole case. There is no question as to the force and effect of the Tennessee judgments involved. The appellees are not assailing those judgments. It is the appellant seeking to shelter itself from liability to these appellees by showing it has paid the debt assigned, and notice of which was given in time to appellant, because of judgments rendered against it in attachment and garnishment proceedings had in the courts of a sister state. Those judgments are unassailable, but they were the product of the inexcusable negligence of the railway company's officials in answering and acknowledging an indebtedness, in the Tennessee litigation, when, in fact, as the company knew, [if its officials had paid proper heed to the notice of Cross' assignment to appellees of the claim now sued on] it had no funds of Cross' in its hands, and was not indebted to him at all at the time of making its answer as garnishee.

The agency of Mauldin, his authority to receive the notice

given him of the assignment by Cross to Bryant & Shakelford, is perfectly shown by Mauldin's unchallenged evidence, and the right to a recovery naturally follows.

*Affirmed.*